IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-F-01-5404 OWW |
| | ) | |
| | ) | ORDER THAT PETITIONER DOES |
| | ) | NOT CONSENT TO |
| Plaintiff/ | ) | CHARACTERIZATION OF MOTION |
| Respondent, | ) | FOR RESENTENCING PURSUANT TO |
| | ) | RULE 60(b), FEDERAL RULES OF |
| vs. | ) | CIVIL PROCEDURE, AS MOTION |
| | ) | TO VACATE, SET ASIDE OR |
| | ) | CORRECT SENTENCE PURSUANT TO |
| KEENAN T. GARDNER, | ) | 28 U.S.C. § 2255 AND DENYING |
| | ) | PETITIONER'S MOTION FOR |
| | ) | RESENTENCING |
| Defendant/ | ) | |
| Petitioner. | ) | |
| | ) | |

By Order filed on November 13, 2006 (Doc. 92), Petitioner Keenan T. Gardner's motion for resentencing pursuant to Rule 60(b)(6), Federal Rules of Civil Procedure, (Doc. 85), was denied. Petitioner was ordered:

> Within 30 days of the filing date of this Order, Gardner shall file a pleading in this action stating whether petitioner consents to the characterization of his motion as a motion for relief pursuant to 28 U.S.C. § 2255 or withdraws the motion. If Gardner elects to consent to the characterization of his motion as a motion for relief pursuant to

1

> Section 2255, Gardner must set forth the facts upon which he relies in asserting that the motion was timely filed within the one-year limitation period applicable to Section 2255 motions or the facts upon which he relies in asserting that he is entitled to equitable tolling of the one-year limitation period. Failure to timely comply will result in an order that Gardner does not consent to the recharacterization of the motion as a Section 2255 motion.

On December 7, 2006, Petitioner filed "Defendant's Opposition to the Government Request to Dismiss His Rule 60(b)(6) Motion" (Doc. 94).

Petitioner asserts that his motion for resentencing pursuant to Rule 60(b)(6) cannot be construed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner relies on *Gonzalez v. Crosby*, 545 U.S. 524 (2005), contending that he "only challenges the breach in the plea agreement, and has not attack [sic] his federal conviction, and therefore his Rule 60(b) motion can proceed as filed without the recharacterization of defendant's Rule 60 motion was a second and successive habeas petition."

Petitioner's reliance on *Gonzalez v. Crosby* is misplaced. In *Crosby,* a petitioner convicted in state court for robbery with a firearm filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The United States District Court dismissed the Section 2241 petition as time-barred, and denied a certificate of appealability. Petitioner moved in the District Court for relief from the judgment of dismissal pursuant to Rule 60(b), Federal Rules of Civil Procedure. The District Court

denied the motion and the petitioner appealed.  The Court of Appeal initially granted a certificate of appealability, but later quashed the COA as improvidently granted and affirmed the denial of the Rule 60(b) motion.  The Supreme Court discussed the interaction between Rule 60(b), Federal Rules of Civil Procedure, and the AEDPA.  After noting that the AEDPA and its decisions make clear that a "claim" "is an asserted federal basis for relief from a ... judgment of conviction", *id.* at 530, the Supreme Court stated:

> In some instances, a Rule 60(b) motion will contain one or more 'claims.'  For example, it might straightforwardly assert that owing to 'excusable neglect.' Fed. Rule Civ. Proc. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error, and seek leave to present that claim ... Similarly, a motion might seek leave to present 'newly discovered evidence,' Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied ... Or a motion might contend that a subsequent change in substantive law is a 'reason justifying relief,' Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim ... Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly ....
>
> We think those holdings are correct.  A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute.  28 U.S.C. § 2254 Rule 11.  Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction - even claims couched in the language of a true Rule 60(b) motion - circumvents AEDPA's requirement that a new

> claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims 'presented in a prior application,' § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.' In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).
>
> In most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple. A motion that seeks to add a new ground for relief ... will of course qualify. A motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred by denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.

*Id.* at 531-532. However, the Supreme Court ruled:

> That is not the case ... when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id.* at 532. The Supreme Court noted:

4

> Fraud on the federal habeas court is one example of such a defect. See generally *Rodriguez v. Mitchell*, 252 F.3d 191, 199 (CA2 2001)(a witness's allegedly fraudulent basis for refusing to appear at a federal habeas hearing 'relate[d] to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial'). We note than an attack based on the movant's own conduct, or his habeas counsel's omissions, see, *e.g., supra*, at 530-531, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.

*Gonzalez v. Crosby* has no application to Petitioner's Rule 60(b) motion for resentencing. As described in the November 13, 2006 Order, Petitioner seeks to use Rule 60(b) to obtain relief from the sentence imposed in the criminal case and not to obtain relief from a civil judgment denying a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The November 13, 2006 Order correctly holds that Rule 60(b) does not apply to obtain relief from a final judgment in a criminal action. *United States v. Mosavi*, 138 F.3d 1365 (11th Cir.1998).

Petitioner's opposition does not expressly state whether he elects to treat his Rule 60(b) motion for resentencing as a Section 2255 motion and does not set forth any facts upon which he relies in asserting that the deemed Section 2255 motion was timely filed within the one-year limitation period applicable to Section 2255 motions or the facts upon which he relies in asserting that he is entitled to equitable tolling of the one-year limitation period. Plaintiff's opposition impliedly refuses to consent given the arguments set forth above.

5

1  In his Opposition, Petitioner contends, as a supplemental
2 ground for relief under Rule 60(b), that error in the calculation
3 of his criminal history score occurred.  Petitioner asserts that
4 his conviction of "simple possession" should not have been
5 counted in the determination of his criminal history score
6 because "simple possession" is not a drug trafficking offense
7 under U.S.S.G. § 4B1.1(a).
8  For the reasons stated above and in the November 13, 2006
9 Order, Petitioner may not raise this claim or seek resentencing
10 on this ground pursuant to Rule 60(b).
11  Even if Petitioner had consented to characterize his motion
12 for resentencing pursuant to Rule 60(b) as a Section 2255 motion,
13 Petitioner would not be entitled to relief on this ground.  As
14 noted in the November 13, 2006 Order, Petitioner waived his right
15 to challenge his conviction and sentence pursuant to Section 2255
16 in the Plea Agreement and during the change of plea proceedings.
17 In addition, neither the motion for resentencing nor the
18 supplemental claim raised in his Opposition were filed within the
19 one-year limitation period applicable to Section 2255 motions and
20 Petitioner has alleged no facts from which it may be inferred
21 that Petitioner is entitled to equitable tolling of that one-year
22 limitation period.  Finally, three points were added to
23 Petitioner's criminal history score pursuant to U.S.S.G. §
24 4A1.1(a)("[a]dd 3 points for each prior sentence of imprisonment
25 exceeding one year and one month") for his 1991 conviction of
26 possession of a controlled substance because Petitioner was

sentenced to 16 months in prison.  The cases upon which Petitioner relies in asserting error, *Salinas v. United States*, 547 U.S. 188 (2006) and *United States v. Villa-Lara*, 451 F.3d 963 (9th Cir.2006), did not involve calculation of a criminal history score pursuant to § 4A1.1(a).  Rather, *Salinas* involved a conviction for simple possession of a controlled substance which the Supreme Court held was not a "controlled substance offense" for purposes of the "career offender" provision set forth in U.S.S.G. § 4B1.1(a).  *Villa-Lara* held that, pursuant to the categorical approach mandated by *Taylor v. United States*, 495 U.S. 575 (1990), a prior drug possession offense in violation of Nevada law did not qualify as a "drug trafficking offense" within the meaning of U.S.S.G. § 2L1.2.

## CONCLUSION

For the reasons stated above and in the November 13, 2006 Order:

1. Petitioner's motion for sentence reduction pursuant to Rule 60(b), Federal Rules of Civil Procedure is DENIED;

2. Petitioner does not consent to the characterization of the motion for sentence reduction as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

Dated: __November 7, 2007__          __/s/ Oliver W. Wanger__
                                     UNITED STATES DISTRICT JUDGE